The opinion of the Court was delivered by
Whitner, J.
We concur with the presiding Judge, that the forum for the adjustment of these accounts has not been *459 happily selected. Appellant bas addressed himself with, great zeal and diligence to the task of demonstrating the errors of this verdict, and the array of figures and authorities set before us seemed to promise success. We have not discovered the exact process by which the jury reached their conclusion, but after a patient hearing and review, we are able to perceive that upon a proper statement of the accounts, on the case made by the evidence, the verdict should not be disturbed.
The contest in our judgment is narrowed to the questions growing out of the charge for the goods assigned and the small item of cash received upon the fi. fa. in Price vs. Mitchell. The other elements of the account need no comment.
The assignment of the goods and the receipt of defendant, after inventory taken, show the understanding between the parties as to supposed value, and the disposition to be made. They were assigned, “ to cover liabilities to the firm of A. J. & P. Moses, as (and) to A. J. Moses.” Their value was estimated at “one hundred and ninety-five dollars and ninety-eight cents,” and the receipt stipulates “ to he sold and the proceeds applied in part satisfaction of the assignment.” When plaintiff demands his account, it is no just answer by defendant that the goods were transferred by him to Wiley, Lane & Co., in part payment of a demand due them by plaintiff — that defendant had become bail eotemporaneously with the assign-mént cannot alter the view. Non constat that there was an admitted liability even to Wiley, Lane & Co., much less to the defendant- — to the day of trial there was no evidence as the Judge well remarks, that defendant had incurred or ever would incur any damage from that source. If the assignment was intended as an indemnity for a possible contingency that might arise out of this transaction likewise, its terms are wholly inapt — undertaking to specify the objects, “ liabilities to A. J. & P. M. and to A. J. M.” — the implication arises that no others were contemplated. No such default has been shown at that time or since, on the part of plaintiff as creates a liability to defendant.
*460 The guarantee was otherwise provided- for and has been met, though I may remark in passing, that a mystery was left over this part of the case, that might well have justified a harder measure to defendant, in default of a better showing on his part. When sued on Ms guarantee for five hundred dollars, on payment of four hundred and fifty-six dollars and twelve cents, and costs incurred, the suit was discontinued, and the Court was informed of no further payment.
In reference to the other item arising on the Mitchell execution, it does not appear to have been taken into the account by the jury at all. If included, certainly not injuriously to defendant, for if he was charged with this sum, he must have been allowed some charge on his discount to which he was not entitled. It is very clear this item was competent in any event under the circumstances of its presentation only as a payment to defendant’s discount, and this was the view taken by the Judge on Circuit. No injustice has been done to defendant in this.
The account on the case made is easily stated. Estimates of interest, to the same day were submitted to the jury in their consideration of the bill of particulars and the discount set up.
The cash paid over through Mr. Sumter, and the goods, at the only estimate of value before the Court, constitute the sum of.. . . . $824 01
Interest on these sums, computing on the goods from the day of payment, (23d March, 1852,). 100 78
Proceeds of sale under mortgage, . . $600 00
Less guarantee, $500; jail fees, $6 50; advertising and selling, $10; tax costs, $9 38,.'. 525 00
Balance sales, $74 12, and interest to same day, $34 38; aggregate,. 98 50
Making sum established by plaintiff, . . . $523 29
*461 Amount brought forward, . 523 29
Defendant established on his discount, notes of plaintiff, $107 17, and $39 88; fee for mortgage, $15; recording, $3, . <|165 05
Interest on these sums to day of computation, . • . 44 93 -$209 98
Leaving a balance due plaintiff of . . $313 31
If the verdict therefore had been for a larger amount than three hundred dollars, it would have been satisfactory to this Court, unless there can be shown some more substantial objection.
I proceed therefore to inquire very briefly into the general grounds on which appellant rests his motion for a new trial.
When Mr. H-, one of the lawyers of the plaintiff was offered as a witness, on objection made, it appears he announced his purpose to withdraw, and di^L in fact take no further agency in the management of the case. There was no order of substitution, and no release of any possible benefit by a recovery of costs, each of which would be eminently becoming in the cases which arise occasionally, where, in the progress of a cause, the ends of justice may require the examination of the lawyer. The advocate and the witness should not be mixed up in the same case, and in all instances where it is known before the commencement of a suit that an attorney is to be a witness, he should decline the position of an advocate. But when this Court is called on to exclude the attorney, it can only be on the score of interest, direct and immediate. The right to tax his costs in the event of recovery is through his client, who in fact is liable to him on failure to recover, or failure to collect even after judgment recovered. Special circumstances may bring the attorney within the rule where he is entitled to a conditional fee, or has himself under *462 taken, any indemnity for costs or tbe like. Tbe objection cannot at all stand on that policy which, protects confidential communications between attorney and client. In sucb case tbe attorney is not only not required to testify, but will be restrained from any disclosures made under tbis relation. Tbougb tbe Judge is silent in bis report on tbis ground, we learn by statement and concession of counsel, that tbe testimony given became wholly immaterial in tbe progress of tbe case, and was so regarded on all bands.
Tbis Court bas been earnestly pressed upon tbe point raised in tbe fourth ground of appeal, that, as bail, tbe defendant had a right to retain tbe fund in bis bands to answer tbis liability. Could we see, as springing out of tbe contract between tbe parties, that tbe funds in band bad been pledged for any purpose of indemnity, we would see our way more clearly in bolding tbe band of tbe plaintiff even in a law Court. But tbe assignment was to cover plaintiff's liabilities then existing to tbe firm of A. J. & P. Moses, and to A. J. Moses. It is a mistake to say that defendant was a surety in possession of assets, which by agreement were to be applied to tbe debt of Wiley, Banks & Co. If tbe position may be entertained, it must be upon tbe actual state of tbe case as we find it. Tbe defendant-bas a fund, received by him for a specified purpose which being discharged, be is called on to pay over tbe excess.On tbe case made by plaintiff, there is a clear legal obligation on tbe part of defendant to pay. Defendant replies bis right to retain as a set off1 — hence we find in bis discount, “ Wiley, Banks & Co’s, assessment” being then in judgment, agains tbe plaintiff. Tbis is presented in tbe nature of a cross-action; but tbis debt having neither, been paid by .defendant, nor assigned to him, nor any step yet taken whereby Ms liability even was fixed, it is manifest no action could be maintained. Tbe relation of creditor and debtor, as between tbe parties before tbe Court, as to tbis transaction, bad not attached.
Tbe defendant then stands before tbis Court upon bis *463 alleged equity, that be should be protected against an injury or loss that may befall bim. It is only necessary to pursue tbis inquiry a few steps further, to disclose the hazard of a great injustice to the plaintiff, and the utter inability in tbis jurisdiction to render a proper judgment touching the matter.
The plaintiff has not even been advertised by a special plea that such a point was to be raised in bis case. How then could be be prepared to meet the issue tendered for the first time in the evidence. If it is not maintainable as a term of bis contract or upon the discount set up, or upon any lien which the law affords for purposes of policy, as in the case of a factor, bow could it operate otherwise than as a surprise. By way of illustration, before any forum it is manifest, that the equity relied on arises from the alleged insolvency of the plaintiff, and yet, be is in no way informed that such a question would be raised. Again, as to the judgment we are called on to pronounce. The remedy asked is in the nature of an injunction, and bow long shall payment be withheld, and bow are we to be assured that a greater injustice may not be done to plaintiff, resulting from an interference on our part to restrain even a judgment under the circumstances. Besought to prevent an act of gross injustice amounting almost to dishonesty by restraining a principal from collecting a debt from the bail, when the principal may be left to pay the debt, we are to guard against the possibility that in this way we may not inflict the still greater injustice of leaving the fund in the hands of one whose equity is not yet perfected, either by the payment of the money to the original creditor, or into the Court, thus protecting it from hazard, subjecting the plaintiff to the double risk of loss by the default of the bail, and the eventual payment of the original debt.
I will pursue the inquiry no further. Though edified by the earnest discussion of the equitable doctrines supposed pertinent to the case, and also by a careful examination of the authorities cited to sustain them, we are not convinced the *464 defendant is entitled to tbe relief suggested, in tbe form of a non-suit. On tbe contrary, we are entirely satisfied that tbe plaintiff is entitled to bis judgment so bardly earned.
Tbe motion for a new trial is refused.
O’Neall and MuNRO, JJ., concurred.
(xLOVER, J., absent from indisposition.

Motion refused.